```
                                                    FILED_____ _____LODGED
                                                    RECEIVED____ _____COPY

                                                         NOV 5 2021

                                                    CLERK U S DISTRICT COURT
                                                      DISTRICT OF ARIZONA
                                                    BY_____DEPUTY
```

Bradley Nelson
2327 E Helen St.
Tucson, AZ 85733
520-903-4258

# IN THE UNITED STATES FEDERAL DISTRICT COURT IN AND FOR ARIZONA

| | |
|---|---|
| BRADLEY NELSON, PRO SE, <br><br> Plaintiff, <br><br> vs. <br><br> Pima County, <br><br> Defendant | Case No.: CV-21-455-TUC-JCH <br><br> **VERIFIED COMPLAINT DISCRIMINATION, RETALATION, ADEA VIOLATION, ADA VIOLATIONS** <br><br> **DEMAND FOR JURY TRIAL** |

For his Complaint, Plaintiff BRADLEY NELSON, Pro Se alleges as follows:

## I.  JUSIDICTION

1. This court has jurisdiction under 28 USC § 1331, 42 USC 12101 *et seq.*, ADEA 29 U.S.C. § 621 *et seq.*, 29 U.S.C. § 623 et seq., 29 U.S.C. § 633a(c), 29 C.F.R. 1630 *et seq.*, 42 USC §§ 2000e *et seq.*, 42 USC §§ 2000e-5(f) (3) & 42 USC § 12117. The court also has jurisdiction over violation of the 14th Amendment.

## II. VENUE

2. Pursuant to 28 USC § 1391 venue is proper because this is the District and Division in which Mr. Nelson resides and where the Defendant's unlawful conduct occurred within Pima County, Arizona.

## III. PARTIES

3. Plaintiff, Bradley Nelson, (Brad Nelson, Mr. Nelson) is, and at all relevant times were and are a resident of Pima County, Arizona.

4. Defendant, PIMA COUNTY.; Pima County is governed by a five-member Board of Supervisors who set ordinances and run services for the areas that do not fall within any city or town's jurisdiction. Board of Supervisors and elected positions. The Pima County Board of Supervisors is responsible for steering public policy in the region. The five-member board provides direction to the County Administrator and the county's various departments as they work to ensure safe communities, nurture economic development, sustainably manage natural resources and protect public health. In addition to overseeing the delivery of a host of municipal services, from roads to parks, employment services and libraries and law enforcement, board members also are responsible for approving the county budget. Elected to four-year terms, board members also set the amount of taxes to be levied within the State of Arizona pursuant to the statutory authority provided

by the Legislature of the State of Arizona. The county (Pima) receives resources from the Federal government to administer certain programs including employment services.

## IV. GENERAL ALLEGATIONS

1. Plaintiff, (Mr. Nelson) is an adult male United States citizen over the age of forty in the federally protected age group under the ADEA, 29 USC 621 *et seq.* and 29 USC § 623.

2. Plaintiff, (Mr. Nelson) is a United States citizen in the federally protected class under the Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) (Title VII), as amended, as it appears in volume 42 of the United States Code, 2000e *et seq.*, 42 U.S.C § 2000e-2 & 3, 42 USC § 12111, 29 C.F.R § 1630.2 (e).

3. At all relevant times to this lawsuit, Defendants were and remain employers of the within the meaning of 42 USC § 12111 (5), & 42 USC §§ 2000e(b) & 29 C.F.R § 1630.2 (e), ADEA 29 U.S.C. § 621.

4. From 09/24/1976 to 01/2021 Mr. Nelson has applied for work or employment with Pima County (Defendants) in various entry level positions.

5. Recently in 2019 and again in 2020 the Defendant applied for several positions with the Pima County after being advise to by Pima County Supervisors Richard Elias. He personally forwarded this information to the County to

Administrator Chuck Huckleberry. Those position were 4760 - ITD - Business Systems Analyst and 2532 - Property Appraiser/Trainee.

6. The Plaintiff provided Richard Elias with additional information showing his qualifications for the prospective jobs.

7. The Plaintiff went to Richard Elias because he was having so many problems with Pima County employees, Deborah Roe, Rosemary Smith, Vera Westermann and Jim Mize. Richard said he would try and help.

8. Pima County alleges something happened to my application did have my driver's license on file. Pima county later retracked that and said that I me the requirement for consideration.

9. The Defendant provided the EEOC with a false document showing attempts to contact and response from the Plaintiff. This document is false and fake. The Plaintiff would have gladly taken any position for employment instead of trying to get by on blood plasma sales.

10. The Plaintiff was subjected to differential treatment by the hiring authority HR, Human Resources Dept. and Deborah Roe HR manager for Pima County and for other services related to co-workers Rosemary Smith, Vera Westermann and Jim Mize within the meaning of 29 USC 621 *et seq.* and 29 USC § 623, 42 USC §§ 2000e *et seq.* 42 U.S.C § 2000e-2, 42 U.S.C § 2000e-3, 42 U.S.C § 2000e-2(a), (1) & (2) & 42 U.S.C. §§ 12101 *et seq.* & 29 CFR § 1630 *et seq.*

11. In particular Rosemary Smith violated the Plaintiffs expectation of privacy by unlawfully doing searches into the Plaintiffs personal background going all the way back to his high school years here in Tucson. She did this with willful intend to maliciously cause harm to the Plaintiff. She may have used her position as a government employee to obtain this information. This may be a 4th Amendment violation.

12. Similarly situated younger persons were hired by Pima County. This had the effect and caused deprivation of Mr. Nelson rights to equal employment opportunities. This resulted in a loss of economic earning opportunity thus resulting from this loss opportunity for employment. 42 USC § 621 *et seq.* & 42 USC § 623.

13. The Defendants' denied Mr. Nelson the same employment opportunities as other similarly situated employees.

14. At all relevant times to this lawsuit, Mr. Nelson is qualified for this position and could perform the essential functions for this position either with or without reasonable accommodations.

15. Defendants Pima County provided reasonable accommodations to other similarly situated employees/salespersons while denying Mr. Nelson an accommodation.

16. Plaintiff filed an administrative charge of Discrimination simultaneously with the Civil Rights Division of the Arizona Attorney's General's Office (ACRD) and the Equal Employment Opportunity Commission (EEOC) on or about November 2020.

17. The EEOC has issued the Plaintiff a Notice of Right to Sue for EEOC Charge No. 35A-2021-00055C was mailed at or around on August 6th, 2021.

18. The Defendants' created and maintained a hostile work environment towards the Plaintiff and has caused deprivation of his rights to equal employment opportunities.

19. Mr. Nelson has permanent disabilities that substantially limits at least one or more of his major life activities, including but not limited to, a history of a disabilities, permanent shoulder damage (will require a shoulder replacement), heart disease, permanent heart damage, history of a physical difficulties in walking, permanent elbow damage (requires surgery), permanent loss of hearing and permanent loss of enjoyment of life. Even if Mr. Nelson believes these physical or mental impairments are not transitory, they are permanent, and the disabilities are not minor. I showed up to an interview with a neck brace. I explained my disabilities at that time.

20. Plaintiff has complied with all jurisdictional prerequisites for the filing of this complaint.

21. Defendants Pima County failed to provide reasonable accommodations, and ultimately did not hire Mr. Nelson's for employment because of his disability in violation of EEOC and the American with Disabilities Act, 42 U.S.C. 12101 *et seq.*, 42 USC § 12132.

22. As a direct and proximate result of Defendant's conduct, Mr. Nelson has suffered injuries and harm including but not limited to economic loss, emotional distress, mental anguish, humiliation, indignation, embarrassment, loss of enjoyment of life, employment, and deprivation of his rights to equal employment opportunities.

23. Defendant terminated Mr. Nelson's employment on 4/2006 and has not been rehired the Plaintiff has deprived economic opportunities by the Defendant by not rehiring and therefore is a wrongful act in violation of 42 USC § 12112 & 42 U.S.C. 12101 & 42 U.S.C § 2000e-3 *et seq.* and public policy under Arizona Law. The Plaintiff, (Mr. Nelson) has applied roughly or over fifty times.

24. At all relevant times to this lawsuit, Mr. Nelson was a prospective employee trying to be hired by the Defendants and was as a result treated differently than other similarly situated non-protected class member employees. Similarly situated individual were hired by the Defendant.

25. The Plaintiff, (Mr. Nelson) has applied roughly or over fifty times.

# COUNT ONE

## EMPLOYMENT DISCRIMINATION: TITLE VII

**(42 USC § 2000e *et seq.*, 42 USC § 2000e-2, 42 USC § 2000e-3)**

26. Plaintiff hereby re-alleges and incorporates all allegations contained in paragraphs 1 through 21 of this complaint.

27. Defendant's actions against plaintiffs constitute violations of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e *et seq.* specifically 42 USC § 2000e-2 and 42 U.S.C. § 2000e-3.

28. Additionally, the Defendant hired an attorney, Ann Haralambie. This attorney was deeply offended by the fact the Plaintiff had files a complaint in the past and used this information in court to persuade the Judge that the Plaintiff was somehow unfit because of this. This attorney has gone out and propagated these false and untrue fact of the case. She has also attempted to interfere with the employment opportunities for the Plaintiff. She did this with willful intend to maliciously cause harm to the Plaintiff. This attorney tried to pick a physical fight in the parking lot following the hearing. This attorney should be dis-barred and prevent from practicing law.

29. As a direct and proximate result of Defendant's conduct, Mr. Nelson has suffered injuries including but not limited to economic loss, emotional distress,

mental anguish, humiliation, indignation, embarrassment, loss of enjoyment of life, employment, and deprivation of his rights to equal employment opportunities.

30. Defendants' discriminatory conduct towards plaintiff was engaged in with malice and/or reckless indifference to the federally protected rights of an aggrieved person.

## COUNT TWO

## EMPLOYMENT DISCRIMINATION: DISABILITY,

## ADA VIOLATION

## (42 U.S.C. §§ 12101 *et seq.*, & 42 USC § 12112)

31. Plaintiff hereby re-alleges and incorporates all allegations contained in paragraphs 1 through 26 of this complaint.

32. Mr. Nelson is an individual with a permanent disability and/or disabilities within the meaning of the American with Disabilities 42 U.S.C. §§ 12101 *et seq.* & 42 USC § 12112 *et seq.*

33. Plaintiff Mr. Nelson was qualified to perform the essential functions of the any position with or without reasonable accommodation(s).

34. The Plaintiff has permanent disabilities that substantially limits at least one or more of his major life activities, including but not limited to, a history of a disability, permanent shoulder damage (will require a shoulder replacement), heart disease, permanent heart damage, history of a physical difficulties in walking,

permanent elbow damage (requires surgery), loss of hearing and permanent loss of enjoyment of life. Mr. Nelson believes these physical or mental impairments are not transitory lasting or expected to last six months and are not minor.

35. The Defendant Pima County failed to provide other accommodations for Mr. Nelson disability or disabilities and allow the Plaintiff to return to employment with the Defendant.

36. The Plaintiff filed an administrative charge of Discrimination simultaneously with the Civil Rights Division of the Arizona Attorney's General's Office (ACRD) and the Equal Employment Opportunity Commission (EEOC) and his disabilities in violation of EEOC and the American with Disabilities Act, 42 U.S.C. 12101 *et seq*.

37. As a direct and proximate result of Defendant's conduct, Mr. Nelson has suffered injuries including but not limited to economic loss, emotional distress, mental anguish, humiliation, indignation, embarrassment, loss of enjoyment of life, employment, and deprivation of his rights to equal employment opportunities.

38. Defendants' intentional discriminatory conduct towards plaintiff was engaged in with malice and/or reckless indifference to the federally protected rights of an aggrieved person.

## COUNT THREE

## EMPLOYMENT DISCRIMINATION: AGE

**(29 U.S.C. § 621 *et seq.*, 29 USC § 623, 29 U.S.C. 623 (a) (1))**

39. Plaintiff hereby re-alleges and incorporates all allegations contained in paragraphs 1 through 34 of this complaint.

40. Defendant's actions against plaintiffs constitute violations of the Age Discrimination in Employment Act of 1967, specifically 29 U.S.C. § 621 *et seq.* & 29 U.S.C. § 623.

41. As a direct and proximate result of Defendant's conduct, Mr. Nelson has suffered injuries including but not limited to economic loss, emotional distress, mental anguish, humiliation, indignation, embarrassment, loss of enjoyment of life, employment, and deprivation of his rights to equal employment opportunities.

42. Defendants' discriminatory conduct towards plaintiff was engaged in with malice and/or reckless indifference to the federally protected rights of an aggrieved person.

## COUNT FOUR

## RETALIATION: TITLE VII

(29 U.S.C. 621 *et seq.*, 29 U.S.C. 623,
42 U.S.C. 12101 *et seq.*, 29 CFR § 1630.12 (a) & (b),
42 U.S.C § 2000e-2, 42 U.S.C § 2000e-3,
42 U.S.C § 2000e-3(a), 42 U.S.C § 2000e-2(a) (1) & (2))

43. Mr. Nelson realleges and incorporates all allegations contained in paragraphs 1 through 38 of this complaint. Pima County directly discriminated against the Plaintiff for participating in a lawsuit on Discrimination which violates 42 U.S. Code § 2000e–3 - Other unlawful employment practices. Later Rosemary Smith at Pima County actively engaged in a pattern of acts to solicited other community leaders to inferred and deprive the Plaintiff the opportunity of employment by claiming and propagating the notion the Plaintiff was engaged in EEOC litigation which was too costly to consider the Plaintiff for employment by anyone because of his participation in any such litigation. This is fact an issue that came up at a job fair in which Rosemary Smith invited as her a guess who talk about this to prospective employers. The company's named was Securitech Inc. This show indifference to the law and intentional conduct is violation of the to **42 U.S.C § 2000e-3**

44. The Plaintiff filed an administrative charge of Discrimination simultaneously with the Civil Rights Division of the Arizona Attorney's General's

Office (ACRD) and the Equal Employment Opportunity Commission (EEOC) and his disabilities in violation of EEOC and the American with Disabilities Act, 42 U.S.C. 12101 *et seq.*

45.  The Plaintiff filed an administrative charge of Discrimination simultaneously with the Civil Rights Division of the Arizona Attorney's General's Office (ACRD) and the Equal Employment Opportunity Commission (EEOC) and his disabilities in violation of EEOC and the American with Disabilities Act, 42 U.S.C. 2000e-3 *et seq.*

46.  Defendants' actions against plaintiffs constitute violations of Title VII of the Civil Rights Act of 1964, specifically 42 U.S.C. § 2000e-3 of retaliation, 42 U.S.C § 2000e-2.

47.  The Plaintiff has file over sixty applications for employment.

48.  As a direct and proximate result of Defendant's conduct, Mr. Nelson has suffered injuries including but not limited to economic loss, emotional distress, mental anguish, humiliation, indignation, embarrassment, loss of enjoyment of life, employment, and deprivation of his rights to equal employment opportunities.

49.  As a direct and proximate result of Defendant's conduct, Mr. Nelson has suffered injuries including but not limited to economic loss, emotional distress, mental anguish, humiliation, indignation, embarrassment, loss of enjoyment of life, employment, and deprivation of his rights to equal employment opportunities.

50. Defendants' discriminatory conduct towards plaintiff was engaged in with malice and/or reckless indifference to the federally protected rights of an aggrieved person.

## V.   DEMAND FOR A JURY TRIAL

A. Plaintiff, Mr. Nelson requests a jury trial on all triable issues in this case.

## VI.   PAYER FOR RELEIF

WHEREFORE, Plaintiff Mr. Nelson request that this Court:

A.   Enter judgment on Plaintiff's behalf, finding the Defendants unlawfully discriminated against and retaliated against Plaintiff of herein to be violation of 29 U.S.C. § 621 *et seq.* & 29 U.S.C. § 623, 42 U.S.C § 2000e-2, 42 U.S.C § 2000e-3, and of the American with Disabilities Act, 42 U.S.C. 12101 *et seq.*, & 42 U.S.C. 1981 *et seq.*

B. Enjoin the Defendants from engaging in unlawful employment practices, including retaliation which violates the American with Disabilities Act.

C. Order the Defendants to make Plaintiff whole by awarding actual damages, pay back, front pay, and compensatory damages in amounts to be determined at trial.

D. Award Plaintiff any and all cost, fees incurred in bringing this action.

E. Grant such other and further relief as this Court deems just and proper under the circumstances.

DATED this fifth day of November 2021.

Dated this 5th of November 2021

*Brad Nelson*

Bradley L Nelson