**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley L Nelson,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>County of Pima,<br><br>　　　　　Defendant. | No. CV-21-00455-TUC-JCH<br><br>**ORDER** |

Pending before the Court are Plaintiff Bradley L. Nelson's Motion for Application of Entry of Default ("Motion I") (Doc. 9) and Motion to Withdraw the Motion for Application of Default of Entry ("Motion II"). (Doc. 12.)  For the following reasons, the Court will deny Motion I as moot and grant Motion II.

**I.　BACKGROUND**

Plaintiff Bradley L. Nelson ("Plaintiff") filed a Complaint against Defendant County of Pima ("Defendant") (Doc. 1) and Application for Leave to Proceed *In Forma Pauperis* (Doc. 2) on November 5, 2021. Pursuant to 28 U.S.C. § 1915(e)(2), the Court screened the Complaint and dismissed all four counts with leave to amend. (Doc. 5.) Plaintiff filed a First Amended Complaint ("FAC") on January 6, 2022. (Doc. 6.) On January 13, 2022, the Court again screened the FAC pursuant to 28 U.S.C. § 1915(e)(2) and allowed the FAC to proceed. (Doc. 7.) The January 13, 2022 Order (the "Order") required the Plaintiff to complete and return a service packet, which included the FAC, the

Order, a summons, and a request for waiver of service form, to the Clerk of the Court within 21 days of the Order. (*Id*. at 7.) The Order specified that a United States Marshal would provide service of process if Plaintiff complied with the Order. (*Id.*) A completed service packet was received from Plaintiff on January 19, 2022 specifying that the packet should be served upon Pima County at the Pima County Attorney's Office.

The United States Marshals Service executed service on January 26, 2022. (Doc. 8.) On February 22, 2022, Plaintiff moved for a default judgement (Motion I), because Defendant did not file an answer or otherwise defend the action. (Doc. 9.) In response, Defendant made a limited appearance to respond to Motion I; Defendant asserted that service was deficient for lack of complying with both federal and state rules of civil procedure and so an entry of default was improper. (Doc. 10.)

Subsequently, Plaintiff completed a new service packet which specified that service should be made upon the Pima County Clerk of the Board of Supervisors at the Pima County Board of Supervisors office. Service was executed by the United States Marshals Service on March 9, 2022. (Doc. 11.) Plaintiff moved to withdraw the application for default (Motion II) and asserted that service was properly made on March 9, 2022. (Doc. 12.)

## II.  LEGAL STANDARD

### A. SERVICE ON A COUNTY

The Federal Rules of Civil Procedure require that service upon a state, a municipal corporation, or any other state-created governmental organization be made by delivering a copy of the summons and complaint to its chief executive officer or by delivering a copy of the summons and complaint in a manner prescribed by state law. Fed R. Civ. P. 4(j). In turn, the Arizona Rules of Civil Procedure require that service upon a county be made by delivering a copy of the summons and complaint upon the Board of Supervisors clerk for that county.[1] Ariz. R. Civ. P. 4.1(h)(2).

---

[1] Arizona law also requires that before filing suit, a person wishing to sue a public entity must first file a notice of claim with the person authorized to accept service for that entity within 180 days after the cause of action accrues. Ariz. Rev. Stat. Ann. § 12-821.01(A).

After proper service, a defendant must serve an answer within 21 days after being served with the summons and complaint.[2] Fed. R. Civ. P. 12(a)(1)(A)(i). A defendant's failure to plead or otherwise defend an action entitles the plaintiff to an entry of default by the court clerk. Fed. R. Civ. P. 55(a).

### B. MOOTNESS

"A motion is moot when the court's decision on the pending motion will not have any practical effect on the existing controversy." *Gov't of Virgin Islands, Dep't of Educ. v. Virgin Islands Bd. of Educ.*, No. ST-14-CV-133, 2015 WL 13894847, at *3 (V.I. Super. Ct. Jan. 28, 2015); *see also Richards v. Wells Fargo Bank, N.A.*, 325 Ga. App. 722, 726, 754 S.E.2d 770, 773 (2014) ("A motion is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." (internal citation omitted)); *Oparaji v. N. E. Auto-Marine Terminal*, 437 F. App'x 190, 193 n. 1 (3d Cir. 2011) ("A motion is moot when a court is unable to fashion any form of meaningful relief.").

### III. ANALYSIS

The service executed on January 22, 2022 was deficient because it failed to comply with the Fed. R. Civ. P. 4(j) and Ariz. R. Civ. P. 4.1(h)(2). The named defendant here is Pima County. Therefore, for service to be proper, it must be made upon the clerk for the Pima County Board of Supervisors. The service on January 22, 2022 was instead made upon a representative at the Pima County Attorney's Office. Therefore, this service was deficient, did not put the Defendant on proper notice of the suit, and did not trigger the necessity of an Answer within 21 days.

Accordingly, the Motion for Application for Default Judgement resulting from a lack of response following deficient service is moot. A decision on this motion will not have any practical effect on the existing controversy because Plaintiff has moved to withdraw the motion for default and has made a second attempt to comply with Fed. R.

---

[2] Where a defendant has waived service in accordance with Fed. R. Civ. P. 4(d), the defendant must serve an answer within 60 days after the request for waiver was sent. Fed. R. Civ. P. 12(a)(1)(A)(ii).

Civ. P. 4(j) and Ariz. R. Civ. P. 4.1(h)(2).

**IV.    ORDER**

Accordingly,

**IT IS ORDERED DENYING** as moot Plaintiff's Motion for Application of Entry of Default (Doc. 9).

**IT IS FURTHER ORDERED GRANTING** Plaintiff's Motion to Withdraw the Motion for Application of Default of Entry (Doc. 12).

Dated this 13th day of April, 2022.

_____
Honorable John C. Hinderaker
United States District Judge