**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley L Nelson, | No. CV-21-00455-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| County of Pima, et al., | |
| Defendant. | |

Plaintiff Bradley L. Nelson, proceeding pro se, brought this employment action against Defendant Pima County ("Pima County") alleging a failure to hire due to discrimination. (*See* First Amended Complaint ("FAC"), Doc. 6.) On October 6, 2022, Pima County filed its Motion for Summary Judgment and accompanying Statement of Facts. (Docs. 22, 23.) Under Rule 56(d), Plaintiff moved this Court to defer ruling on the summary judgment motion and to amend the case management order to permit him to begin discovery. (Doc. 25.) On November 9, 2022, the Court denied the requested Rule 56(d) relief and ordered Plaintiff to respond to the summary judgment motion. (Doc. 26 at 5.) Before the Court is Plaintiff's "Motion for Reconsideration" ("Motion") (Doc. 27). For the reasons stated below, the Motion is denied.[1]

///

---

[1] Pima County did not file a Response. *See* LRCiv. 7.2(g) ("No response to a motion for reconsideration and no reply to the response may be filed unless ordered by the Court, but no motion for reconsideration may be granted unless the Court provides an opportunity for response.")

**I.    Legal Standards**

    **A.  Motions for Reconsideration**

Under the local rules, motions for reconsideration are disfavored, and will be denied absent (a) manifest error, or (b) new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. *See* LRCiv. 7.2(g)(1). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

    **B.  Relief under Fed. R. Civ. P. 56(d)**

Rule 56(d) permits a court to defer ruling on a motion for summary judgment, and allow time for discovery, when a party demonstrates that it is unable to present facts essential to justify its opposition. *See Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1130 (9th Cir. 2004) (citation omitted) (discussing Rule 56(f), the predecessor to Rule 56(d)); *see also* Fed. R. Civ. P. 56(d) (requiring a party show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition"). The movant must demonstrate he has diligently pursued discovery and he cannot respond without a delay. *See Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1005 (9th Cir. 2002). His affidavit or declaration must state "the specific facts [he] hopes to elicit from further discovery," and that "the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). The Court has discretion to deny a Rule 56(d) request for failure to comply with these requirements. *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100–01 (9th Cir. 2006).

**II.    Plaintiff's Motion**

In his prior Rule 56(d) Motion, Plaintiff argued that because of unrelated and "extraordinary" circumstances, he was unable to complete fact discovery, therefore, he could not present essential facts to adequately oppose the pending summary judgment motion. (Doc. 25 at 2–7.) This Court determined that Plaintiff failed to show he diligently

pursued, or even started, the discovery process and that he failed to proffer sufficient facts to prevent summary judgment. (Doc. 26 at 3–5.)

Plaintiff's instant Motion seeks relief by (1) deferring this Court's ruling on the pending summary judgment motion; and (2) extending time for discovery. (*See* Doc. 27.) Plaintiff attaches several exhibits, including an affidavit ("Affidavit") to his Motion.[2] (*See* Doc. 27-3.) He makes the following arguments. (*See* Doc. 27.)

### A. ACRD and EEOC Records

Plaintiff brought this employment action against Pima County alleging a failure to hire in 2019 and 2020. (*See* First Amended Complaint ("FAC"), Doc. 6.) In 2020, Plaintiff filed two Employment Charges of Discrimination ("Charges") with the Arizona Attorney General's Office, Civil Rights Division ("ACRD") and the Equal Employment Opportunity Commission ("EEOC"). (*See* Doc. 6.)  In the pending summary judgment motion, Pima County argues *inter alia* that Plaintiff is limited to his claims involving the 2020 Property Appraiser position, the only position for which he properly exhausted his administrative remedies. (*See* Doc. 22 at 5–6.) Plaintiff contends that if ACRD or EEOC properly investigated his claims, or interviewed the seven witnesses identified by Plaintiff, then his Charges would include other positions for which he applied, including the "4760 – ITD – Business Systems Analyst" position. (Doc. 27 at 2.)

### B. Pima County's Affidavits

Plaintiff also argues that discovery will allow him to address certain falsities in Pima County's affidavits, attached as exhibits to their summary judgment motion, from current or former employees including Jessica Kavathas, Susan Shettleroe, and Cathy Bohland. (Doc. 27 at 4–5.) Specifically, Plaintiff contends that Kavathas' affidavit is misleading as

---

[2] Plaintiff did not provide an affidavit or declaration in support of his original Rule 56(d) motion. *See* Fed. R. Civ. P. 56(d) (requiring a party show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition"). Although not relied on by this Court, Plaintiff's failure to comply with these requirements was sufficient to deny his Rule 56(d) motion. *See also Johnson v. Hewlett–Packard Co.*, 546 Fed.Appx. 613, 615 (9th Cir.2013) (affirming district court's denial of party's requests under Rule 56(d) due to party's failure to demonstrate diligence, noting that the failure to file an affidavit in support of its Rule 56(d) request is "the most obvious indication of lack of diligence").

she knew or should have known Plaintiff's age at the time his application was screened; Shettleroe's affidavit "is questionable and lack critical details" regarding when certain positions were cancelled; and Bohland's affidavit contains misleading statements regarding another employee. (*Id.*) Plaintiff asserts that "[a]dditional information not yet known" and "differences can be resolved through careful finding of the truth" including depositions, subpoenaing information, requests for production, interrogatories, and non-party interrogatories. (*Id.*)

### C. Analysis

After review, the Court affirms its November 9, 2022 Order. (Doc. 26.) Plaintiff indicates that he is disabled and is prescribed 17 medications with side effects. (Doc. 27 at 1.) Plaintiff further explains that his delay is the result of "extraordinary circumstances compounded by my disabilities." (*See* Doc. 27-3.) Generally, requests for additional time should be granted "almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes*, 323 F.3d 767, 774 (9th Cir.2003) (internal quotation marks and citation omitted). Plaintiff had five months to start discovery; during that time, he failed to serve any written discovery before the case management deadline elapsed, failed to raise a discovery dispute, and failed to request additional time for discovery until filing his Rule 56(d) Motion, 11 days before the fact discovery deadline. Plaintiff did not diligently pursue discovery despite his assertions to the contrary. (*See* Doc. 27-3 ("I have diligently pursued discovery as best I can given my circumstances…")).

Moreover, despite Plaintiff's request to begin discovery, the Court finds that he has failed to demonstrate that the evidence he now seeks will materially affect the outcome of his case. For example, Plaintiff seemingly concedes Pima County's argument regarding exhaustion: ACRD/EEOC did not expand their investigation from the 2020 Property Appraiser position, therefore, the 2020 Property Appraiser is the only position indicated in the ACRD/EEOC documents and relied upon by Pima County. Plaintiff hopes to ascertain additional ACRD records and depose former ACRD employee Raymond Cruz. ACRD

records, according to Plaintiff, are "key … to defend his complaint[]" against Pima County. (Doc. 27 at 2.) Plaintiff seemingly argues third-party discovery may rebut Pima County's administrative exhaustion defense. (Doc. 27 at 2.) Even if the unexhausted claims could be "reasonably expected to grow out of the charge of discrimination," Plaintiff does not allege any specific facts that may be established by discovery. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) (holding that a district court's jurisdiction extends "over all allegations of discrimination that either 'fell within the scope of the [Equal Employment Opportunity ("EEO")]'s actual investigation or an [EEO] investigation which can reasonably be expected to grow out of the charge of discrimination") (citing *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994)). Plaintiff does not allege a substantive connection or theory between his exhausted and unexhausted claims such that a unified scheme could be attributed to Pima County, its agents, or non-parties ACRD or EEOC. *See Farmer Bros. Co.*, 31 F.3d at 899. It also appears that Plaintiff's allegedly unexhausted claims relate to positions involving different Pima County departments, different hiring criteria, and presumably different hiring actors. Plaintiff fails to identify the particular facts that discovery might reveal or how those facts would help him defeat the summary judgment motion as to his allegedly unexhausted claims.

Plaintiff's arguments regarding Pima County's affidavits are also unavailing. For example, although Plaintiff argues that Pima County's affidavits contain false or misleading statements and that Plaintiff will attempt to uncover evidence demonstrating the falsity of those statements through the discovery process, he fails to explain how such evidence would help him defeat the summary judgment motion. His blanket characterizations that certain statements are somehow misleading or false do not satisfy Rule 56(d) that requires a party to "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *See Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). Plaintiff's desire to impeach certain statements is insufficient under Rule 56(d). Accordingly, Plaintiff's Motion is denied.

///

### D. Order

**IT IS ORDERED DENYING** Plaintiff's Motion for Reconsideration. (Doc. 27.)

**IT IS FURTHER ORDERED** that Plaintiff must file his response to Pima County's Motion for Summary Judgment (Doc. 22), together with a separate Statement of Facts and supporting affidavits or other appropriate exhibits, no later than **December 9, 2022**. Pima County may file a reply within 15 days after service of Plaintiff's response. The Motion for Summary Judgment will be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

Dated this 30th day of November, 2022.

_____
Honorable John C. Hinderaker
United States District Judge