**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bradley L Nelson,<br><br>   Plaintiff,<br><br>v.<br><br>County of Pima, et al.,<br><br>   Defendant. | No. CV-21-00455-TUC-JCH<br><br>**ORDER** |

Plaintiff Bradley Nelson ("Nelson"), proceeding pro se, alleges that Defendant Pima County ("Pima County") failed to hire him due to disability and age, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq*. (*See* Doc. 6 ¶¶ 40–53.) Nelson also alleges retaliation, based on a previous discrimination claim he made against Pima County, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* (*See id.* ¶¶ 53–59.) Before the Court is Pima County's Motion for Summary Judgment. (Doc. 22.) For the following reasons, the Court grants the Motion and dismisses this action with prejudice.

**I.    Background**

   **A.  Procedural Background**

On October 6, 2022, Pima County filed, and served on Nelson, the instant Motion with a separate Statement of Facts. (Docs. 22, 23.) The Court issued a Notice, under *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir.1998), informing Nelson of his obligation to respond to the motion and his requirements under Federal Rule of Civil Procedure 56.

(Doc. 24). The Court affirmed Plaintiff's response deadline for November 10, 2022. (*id.*)

On November 7, 2022, Nelson moved to stay Pima County's summary judgment motion under Federal Rule of Civil Procedure 56(d), requesting this Court amend the case management order and permit him to complete discovery. (Doc. 25.) The Court found Nelson failed to show he diligently pursued, or even started, the discovery process and that he failed to proffer sufficient facts to prevent a ruling on summary judgment. (Doc. 26 at 3–5.) On November 9, 2022, this Court denied the Rule 56(d) motion and ordered Nelson's response due on or before November 17, 2022. (*Id.* at 5.) On November 17, 2022, Nelson filed a motion for reconsideration, (Doc. 27), which this Court denied 13 days later (Doc. 28). The Court then ordered Nelson's response due on or before December 9, 2022. (*Id.* at 6.)  Nelson did not file a response to the summary judgment motion.

### B. Factual Background[1]

Pima County's Motion is supported by a separate Statement of Facts with exhibits. (*See* Doc. 23.) A court must consider a pro se plaintiff's verified complaint or motion as an affidavit in opposition to summary judgment. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (explaining a Court must consider contentions offered in motions and pleadings, "where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [Plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct"); *Schroeder v. McDonald*, 55 F.3d 454, 460 n. 10 (9th Cir. 1995) (pleading counts as "verified" if the drafter states under penalty of perjury that the contents are true and correct). Nelson's First Amended Complaint is neither verified nor attested. (*See* Doc. 6.) Therefore, in failing to respond to the Motion, Nelson does not dispute the facts as set forth by Pima County. As such, the Court adopts Pima County's Statement of Facts, (*See* Pima County's Statement of Facts, Doc. 23, hereinafter "DSOF"), as follows:

On or about December 30, 2018, Nelson unsuccessfully applied for a Property Appraisal Aide/Trainee position ("2018 Property Appraisal Aide position") with the Pima

---

[1] All record citations refer to the page numbers generated by the Court's electronic filing system.

County Assessor's Office. (DSOF ¶ 1.) On February 20, 2020, Nelson filed an Employment Charge of Discrimination ("Charge One") with the Arizona Attorney General's Office, Civil Rights Division ("ACRD") and the Equal Employment Opportunity Commission ("EEOC"), alleging age discrimination and retaliation. (DSOF ¶ 1.) The EEOC sent Nelson a dismissal, Notice of Rights, and a right-to-sue letter on September 25, 2020. (DSOF ¶ 2; Doc. 23 at Exh. 2,) Nelson did not file a lawsuit regarding the 2018 Property Appraisal Aide position after receiving his right-to-sue letter.

In January 2020, Pima County posted an opening for a "Property Appraiser/Trainee" position ("2020 Property Appraiser position") with the Assessor's Office. (DSOF ¶ 10; *see* Doc. 6, Exh. A.) On or about February 24, 2020, Nelson applied for the 2020 Property Appraiser position. (DSOF ¶ 11.) Nelson's application did not show his age or birthdate and did not indicate that he had a disability. (DSOF ¶ 11.) At some unspecified time, the Pima County Assessor's Office cancelled the 2020 Property Appraiser position due to the COVID-19 pandemic and the resulting statewide stay-at-home order issued in March 2020. (DSOF ¶ 12.) On June 9, 2020, Pima County notified Nelson that recruitment for the 2020 Property Appraiser position was cancelled; Pima County invited Nelson to apply for other employment opportunities within the County. (DSOF ¶ 13.) No applicants were interviewed or hired for the 2020 Property Appraiser position. (DSOF ¶ 14.)

On November 6, 2020, Nelson filed a second Employment Charge of Discrimination ("Charge Two") alleging that Pima County's failure to hire him for the 2020 Property Appraiser position was due to age and disability discrimination, and as retaliation for filing Charge One regarding the 2018 Property Appraisal Aide position in the same department. (DSOF ¶ 4.) Charge Two referenced no other applications for other Pima County positions. (DSOF ¶ 5.) On August 6, 2021, the Attorney General issued Nelson a right-to-sue letter in Charge Two, case No. 35A-2021-00056C. (Doc. 6 at Exh. C; *see also* Doc. 23-1 at 9.) Both the Attorney General's Office and the EEOC eventually dismissed

the claims in Charge Two.[2]

On November 5, 2021, Nelson filed his Complaint and Application for Leave to Proceed In Forma Pauperis in this case. (Docs. 1, 2.) Under 28 U.S.C. § 1915(e)(2), the Court screened and dismissed Nelson's Complaint with leave to amend. (Doc. 5.) Nelson filed his First Amended Complaint ("FAC") on January 6, 2022. (Doc. 6.) The Court screened the FAC and, finding that Nelson's claims met the plausibility standard, allowed the action to proceed. (Doc. 7.) In Count I, Nelson alleges disability discrimination under the ADA. (Doc. 6 ¶¶ 40–48.) In Count II, Nelson alleges age discrimination under the ADEA. (*Id.* ¶¶ 49–53.) In Count III, Nelson alleges retaliation under Title VII of the ADA. (*Id.* ¶¶ 54–59.) Nelson requests damages and injunctive relief. (*Id.*)

**II.     Standard of Review**

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

---

[2] The Attorney General sent a Notice of Dismissal, (Doc. 23-1 Exh. 5), on September 16, 2021, and the EEOC adopted the Attorney General's findings and issued a Notice of Dismissal, (Doc. 23-1 Exh. 6), on November 23, 2021.

The Court must liberally construe a self-represented party's filings. *Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995). When a party fails to respond to a summary judgment motion, "such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv. 7.2(i). Nonetheless, a non-moving party's failure to file an opposition to a motion for summary judgment does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law. *See Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003).

**III. Analysis**

**A. Nelson's Claims Are Limited to Those Included in Charge Two, the Only Claims for Which He Has Properly Exhausted His Administrative Remedies**

A private or state employee who believes he has been discriminated must file a complaint with the EEOC within 180 days of the alleged discrimination. 29 U.S.C. § 626(d)(1)(A). The party must file an action within 90 days after receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e–5(f)(l (Title VII); 42 U.S.C. § 12117(ADA); 29 U.S.C. § 626(e) (ADEA); *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir.2006) (per curiam) (finding Title VII and ADEA claims were untimely because complaint was filed more than 90 days after EEOC's issuance of right-to-sue letter). Additionally, "[i]ncidents of discrimination not included in an EEOC charge *may not* be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002) (emphasis added). Only claims "like or reasonably related to allegations" raised in an EEOC charge and investigation, "as well as charges that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations[,]" are within the district court's jurisdiction. *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (citing *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir.1990)) (internal quotation marks omitted). Generally, each incident involving a failure to hire constitutes a separate unlawful employment practice. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S.

101, 114 (2002).

Here, Nelson filed his initial Complaint, as related to Charge Two, within 90 days after receiving his right-to-sue letter issued on August 6, 2021. (*See* Doc. 1 (Complaint filed on November 5, 2021); *see also* Doc. 6 at Ex. C.) In Charge Two, Nelson alleged Pima County failed to hire him for the 2020 Property Appraiser position based on age discrimination, disability discrimination, and retaliation. (Doc. 23-1 at Ex. 3) ("…Respondent failed to hire me for available *Property Appraiser Trainee positions* for which I applied, for which Respondent sought applicants, and for which I was otherwise qualified"). By comparison, the FAC is peppered with references to other positions, incidents, and applications extraneous to those claims in Charge Two. (*See* Doc. 6 ¶ 4 ("From 12/01/2012 to 01/2021 Mr. Nelson has applied for work or employment with Pima County … over fifty times in various positions including entry level positions") *see also* Doc. 6 ¶ 5 ("The Plaintiff has been evaluated by Pima County for various positions. Plaintiff is qualified after passing various test administered by Pima County[.]"); *see also* Doc. 6 ¶ 6 ("Recently in 2019 and again in 2020 [Nelson] applied for several positions with the Pima County [sic] … [including an Information Technology Home] Business Systems Analyst.")). In its screening order, the Court noted that, "[a]lthough [Nelson] attached the right-to-sue letter to his FAC, he did not provide details on his underlying charge submitted to the EEOC or Attorney General." (Doc. 7 at 3.) At screening, the Court presumed "the scope of the claims alleged in his FAC [tracked] the claims made in his charge to the EEOC and Attorney General for purposes of administrative exhaustion." (Doc. 7 at 5.) The undisputed evidence shows this presumption was incorrect. With one exception, Charge Two does not reference any other incidents referred to in the FAC, including the Business Systems Analyst position.[3] As such, all claims not referenced in Charge Two, but otherwise included in the FAC, are dismissed for failure to exhaust EEOC administrative remedies.

---

[3] The FAC also alleges that Nelson was blacklisted because of his involvement in a discrimination EEOC charge against Pima County in 2014 and explains "[t]here was no [finding] on the complaint. Pima County changed their procedures regarding discrimination claim [*sic*] after that investigation." (Doc. 6 ¶ 13.) The FAC makes no other factual allegations with respect to the 2014 EEOC Charge. To the extent the FAC asserts claims related to his 2014 EEOC Charge, those claims are dismissed as untimely.

- 6 -

Charge Two, however, references Nelson's unsuccessful application for the 2018 Property Appraisal Aide position, a listing within the same department as the 2020 Property Appraiser position.[4] The question before the Court is whether the 2018 incident is "like or reasonably related to" the allegations contained in Charge Two such that this Court may consider it now. First, although he received a right-to-sue letter, Nelson did not pursue a lawsuit regarding his application for the 2018 Property Appraisal Aide position. (*See* DSOF ¶ 2 (indicting EEOC's dismissal and right-to-sue letter dated on September 25, 2020.)) Therefore, his attempts to revive those claims now are untimely. Second, the claims in Charge One are not like or reasonably related to the allegations contained in Charge Two such that the Court may consider them. Nelson has not presented any genuine issue for trial by showing a common scheme, specific policy, or specific individual responsible for both his applications in 2018 and 2020. For example, the FAC alleges misconduct by individuals including Deborah Roe, Rosemary Smith, Vera Westermann, and Jim Mize. (Doc. 6 ¶ 20.) The undisputed evidence, however, shows that Deborah Roe retired in December 2014; Rosemary Smith retired in July 2014; Vera Westermann retired in October 2019; and James Mize retired in March 2015. (SOF ¶ 15.) Therefore, Nelson's allegations regarding disparaging remarks allegedly made by these individuals have no bearing on his application for the 2020 Property Appraiser position because those individuals were not employed by Pima County in 2020 when Nelson applied. Nelson has not offered any other evidence linking his two applications, or the treatment he received during his application process, such that the Court could consider both in tandem. Because the 2018 incident is an unrelated and separate failure-to-hire incident for administrative exhaustion purposes, the Court will not consider it. Nelson's claims related to his application for the 2018 Property Appraisal Aide position is dismissed.

---

[4] Specifically, the FAC indicates, "[o]n or about December 2019 I filed a charge of discrimination with the Arizona Civil Rights Division (CRD-2020-0171) alleging Respondent subjected me to age and disability-based discrimination and unlawful retaliation when Respondent failed to hire me for an available Property Appraiser Trainee position for I applied [sic], for which Respondent sought applications, and for which I was otherwise qualified. Respondent is aware I am a person with a disability." (Doc. 23-1 at Exh. 3.)

### B. Nelson Fails to Present Direct or Circumstantial Discrimination Evidence to support his ADA, Title VII, or ADEA Claims

#### 1. *McDonnell Douglas* Framework

In an employment discrimination case, the Court will generally apply the burden shifting framework under *McDonnell Douglas Corp. v. Green*, unless Plaintiff presents direct evidence showing discrimination. 411 U.S. 792 (1973). The *McDonnell Douglas* analysis applies equally to claims brought under Title VII, 42 U.S.C. § 2000e–2(a)(1), and the ADA, 42 U.S.C. § 12102, *et seq. See Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 658 (9th Cir.2002); *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093 (9th Cir.2003). Under *McDonnell Douglas*, the plaintiff carries an initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas Corp.*, 411 U.S. at 802. Once plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for the adverse employment action. *Id.* If the defendant does so, the burden shifts back to the plaintiff to show that the defendant's stated reason for the adverse employment action is a pretext for unlawful discrimination—a burden that merges with the plaintiff's "ultimate burden of persuading the court that he has been the victim of intentional discrimination." *Id.* at 804.

#### 2. No Prima Facie Case of Disability Discrimination

To state a prima facie claim for a failure to hire discrimination under the ADA, a plaintiff must show he: (1) is a disabled person under the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job he seeks; and (3) was discriminated against because of his disability. *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 988 (9th Cir. 2007).

Here, Nelson has not presented the Court with any evidence— whether it be in the form of deposition, affidavit, or otherwise—to support his claim that he was qualified, with or without reasonable accommodation, to perform the essential functions of the 2020 Property Appraiser position *or* that he was discriminated against because of his disability.[5]

---

[5] For purposes of the Motion, Pima County does not dispute that Nelson is over 40 years old and has a disability as defined by the ADA. (*See* Doc. 22 at 2.)

Moreover, Nelson's allegations that certain individuals made disparaging remarks is immaterial to this action because the named individuals were not employed during the time Nelson applied for the 2020 Property Appraiser position. Nelson's application for the 2020 Property Appraiser position did not indicate he had a disability as defined by the ADA, and Nelson offers no other evidence to show Pima County was aware, or should have been aware, of his disability. Even if Nelson's allegations could support a prima facie case, Pima County has articulated a legitimate, nondiscriminatory reason for the adverse employment action, namely, Pima County cancelled recruitment for the 2020 position due to the COVID-19 pandemic. Nelson fails to establish a prima facie disability discrimination claim.

### 3.  No Prima Facie Case of Retaliation

A Plaintiff must produce evidence from which a reasonable factfinder could conclude that a causal connection exists between the alleged protected activity and the employer's decision not to hire Plaintiff. *See Cohen v. Fred Meyer*, 686 F.2d 793, 796 (9th Cir. 1982). Here, there is no evidence to support that the Pima County individuals responsible for screening and hiring the 2020 Property Appraiser position knew Nelson engaged in protected activity by making a previous allegation of discrimination in 2018. There is no evidence to show Pima County's failure to hire Nelson bears any causal connection to his alleged protected activity. Nelson has therefore failed to make a prima facie Title VII retaliation claim.

### 4.  No Prima Facie Case for Age Discrimination

Under the ADEA, an employer may not "refuse to hire ... any individual [who is at least 40 years old] ... because of such individual's age." 29 USC § 623(a)(1). To prove age discrimination under a disparate-treatment theory, a plaintiff has the burden to establish by a preponderance of the evidence (whether direct or circumstantial) that the adverse employment action taken against him would not have occurred had he been under 40 years old. *See Gross v. FBL Fin. Servs.*, 557 U.S. 167, 180 (2009). Producing evidence that age was merely one reason not to hire a plaintiff is insufficient; a plaintiff must prove that "age

was the reason" for the action. *Id* at 176 (internal quotation marks and citation omitted).

An ADEA plaintiff can survive a motion for summary judgment either by producing direct evidence of discrimination sufficient to prove the employer's discriminatory animus without inference or presumption or circumstantial evidence within the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green. See Shelley v. Geren*, 666 F3d 599, 607–08 (9th Cir2012) (indicating *McDonnell Douglas* burden-shifting applies to summary judgment evaluation of age discrimination claims post-*Gross*). Without direct evidence of a discriminatory motive, as here, the plaintiff may establish a prima facie case by showing that: (1) he is a member of the class protected by the ADEA; (2) he was satisfactorily qualified for the position for which he was applying; (3) he was not hired; and (4) the position was filled by a substantially younger employee with equal or inferior qualifications. *Id; Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir1987) (outlining the elements of an ADEA claim in a failure to hire case). Under the AEDA, the Ninth Circuit consider a job candidate to be "substantially younger" than another where the younger of the two is at least ten years younger. *See Diaz v. Eagle Produce, Ltd.*, 521 F.3d 1201, 1209 (9th Cir.2008) (explaining 9.5-year difference not sufficiently "stark" to support claim of age discrimination under the AEDA).

Here, Nelson cannot prove two elements in his prima facie case, namely that he was qualified for the 2020 Property Appraiser or that Pima County filled the position with a substantially younger applicant with equal or inferior qualifications. In fact, no applicants were interviewed or hired. Moreover, Nelson has failed to offer any evidence to counter Pima County's legitimate, extraneous, and nondiscriminatory reason for its non-hiring decision. Therefore, Nelson cannot show that but for his age, the adverse employment action would not have occurred. Nelson's ADEA claim fails as a matter of law.

///

**IV.     Order**

Because no reasonable jury could find in Nelson's favor nor award him any relief under the FAC, Pima County is entitled to summary judgment.

Accordingly,

**IT IS ORDERED GRANTING** Defendant Pima County's Motion for Summary Judgment (Doc. 22). This action is **DISMISSED** with prejudice. The Clerk of Court is directed to enter a judgment for Defendant Pima County.

Dated this 5th day of January, 2023.

_____
Honorable John C. Hinderaker
United States District Judge